IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MCP IP, LLC, | ) |
| Plaintiff, | ) **COMPLAINT AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| v. | ) |
| | ) Case No.: 23-CV-142 |
| RAVIN CROSSBOWS, LLC | ) |
| Defendant. | ) |

Plaintiff MCP IP, LLC ("MCP"), for its Complaint against defendant Ravin Crossbows, LLC ("Ravin"), states and alleges as follows:

**PARTIES**

1. Plaintiff MCP is a limited liability company organized and existing under the laws of the state of South Dakota, with a principal place of business location at 919 River Road, Sparta, Wisconsin 54656.

2. Ravin is a Wisconsin limited liability company with its principal place of business in Superior, Wisconsin. Ravin is in the business of designing, developing, manufacturing, marketing, and selling crossbows and crossbow products for recreational, hunting, and archery-related activities. As of March 1, 2023, Ravin's sole member is Velocity Outdoor Inc., a Delaware corporation with its principal place of business in New York.

1

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising out of at least Defendant's unauthorized manufacturing, offering for sale, and/or selling of crossbows and accessories in violation of MCP's patent rights. Because this action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Ravin because Ravin is incorporated in Wisconsin. Furthermore, upon information and belief, Ravin regularly transacts business in the State of Wisconsin and has committed acts of infringement in this District by making, using, offering for sale, and selling infringing products within this District. Ravin also has a physical facility in this District at 3535 Tower Avenue, Superior, WI 54880.

5. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1391 and 1400 because Ravin is incorporated under the laws of Wisconsin, has a facility in this District, and therefore resides in this District. Further, Ravin has committed acts of infringement within this District.

## PATENTS-IN-SUIT

6. On April 1, 2014, the U.S Patent and Trademark Office duly and legally issued U.S. Patent No. 8,683,989 ("the '989 Patent"), titled "Archery Bow Cam." A true and accurate copy of the '989 Patent is attached hereto as Exhibit 1. MCP is the assignee of the '989 Patent.

7. On May 31, 2016, the U.S Patent and Trademark Office duly and legally issued U.S. Patent No. 9,354,017 ("the '017 Patent"), titled "Archery Bow Cam." A true and accurate copy of the '017 Patent is attached hereto as Exhibit 2. MCP is the assignee of the '017 Patent.

8. On March 6, 2018, the U.S Patent and Trademark Office duly and legally issued U.S. Patent No. 9,909,831 ("the '831 Patent"), titled "Archery Bow Cam." A true and accurate copy of the '831 Patent is attached hereto as Exhibit 3. MCP is the assignee of the '831 Patent.

9. MCP has complied with the requirements of 35 U.S.C. § 287 either because none of the above patents are practiced by MCP or any licensee and/or because any licensee has been required to mark their product, e.g., patents.missioncrossbows.com.

## RAVIN'S INFRINGING CROSSBOWS

10. As the popularity of outdoor sports like hunting and target shooting has exploded, the crossbow industry has expanded and adapted to this growth by attempting to optimize characteristics of crossbows to maximize performance. Compound crossbows utilize cam and cabling systems to bend the bow limbs and store kinetic energy.

11. Ravin is a leading manufacturer and seller of numerous compound crossbow models. All Ravin crossbows include a stock, a bow portion including limbs and a prod/riser, as well as rotatable cams, cables, and a bowstring. One way that Ravin maximizes performance of its crossbows is by optimizing the cam rotation, power stroke, and draw weight for a given crossbow.

12. Ravin utilizes "Helicoil" rotatable cams that include a capstan and terminal anchor where the cable wraps around the capstan in a direction opposite from the rotation of the cam while the crossbow is drawn:



13. On investigation, information, and belief, at least Ravin's R9, R10, R20, R15, R5, R26, and R29 crossbow product families, in all of their iterations, are all configured with rotatable cams that include a capstan and terminal anchor such that a cable wraps around a capstan to a terminal anchor in a direction opposite from the rotation of the cam while the crossbow is being drawn.

14. Ravin's R9, R10, R20, R15, R5, R26, R29 families of crossbow products infringe one or more claims of MCP's '989, '017, and '831 patents.

### Count I: Infringement of the '989 Patent

15. The allegations of paragraphs 1-14 are incorporated as if fully set forth herein.

4

16.     Ravin willfully infringes, literally and/or under the doctrine of equivalents, one or more claims of the '989 Patent by making, using, importing into the U.S., offering to sell, and/or selling at least the R9, R10, R20, R15, R5, R26, and R29 families of crossbow products. Ravin's infringement is in violation of 35 U.S.C. §271(a). A chart illustrating the infringement of the '989 Patent is attached hereto as Exhibit 4.

17.     On information and belief, Ravin will continue to infringe the '989 Patent unless and until Ravin is enjoined by this Court.

18.     Ravin's acts of infringement have caused and continue to cause damage to MCP, and MCP is entitled to recover from Ravin the damages sustained by MCP in an amount to be determined at trial.

## Count II: Infringement of the '017 Patent

19.     The allegations of paragraphs 1-18 are incorporated as if fully set forth herein.

20.     Ravin willfully infringes, literally and/or under the doctrine of equivalents, one or more claims of the '017 Patent by making, using, importing into the U.S., offering to sell, and/or selling at least the R9, R10, R20, R15, R5, R26, and R29 families of crossbow products. Ravin's infringement is in violation of 35 U.S.C. §271(a). A chart illustrating the infringement of the '017 Patent is attached hereto as Exhibit 5.

21.     On information and belief, Ravin will continue to infringe the '017 Patent unless and until Ravin is enjoined by this Court.

22. Ravin's acts of infringement have caused and continue to cause damage to MCP, and MCP is entitled to recover from Ravin the damages sustained by MCP in an amount to be determined at trial.

### Count III: Infringement of the '831 Patent

23. The allegations of paragraphs 1-22 are incorporated as if fully set forth herein.

24. Ravin willfully infringes, literally and/or under the doctrine of equivalents, one or more claims of the '831 Patent by making, using, importing into the U.S., offering to sell, and/or selling at least the R9, R10, R20, R15, R5, R26, and R29 families of crossbow products. Ravin's infringement is in violation of 35 U.S.C. §271(a). A chart illustrating the infringement of the '831 Patent is attached hereto as Exhibit 6.

25. On information and belief, Ravin will continue to infringe the '831 Patent unless and until Ravin is enjoined by this Court.

26. Ravin's acts of infringement have caused and continue to cause damage to MCP, and MCP is entitled to recover from Ravin the damages sustained by MCP in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** MCP respectfully requests that this Court enter judgment in its favor and against Ravin, as follows:

A. To enter judgment that Ravin has infringed the '989, '017, and '831 Patents in violation of 35 U.S.C. §271;

B.    To enter orders preliminarily and permanently enjoining Ravin and its officers, agents, directors, servants, employees, attorneys, representatives, parents, subsidiaries, affiliates, and all of those in active concert, privity or participation with them and their successors and assigns, from infringing the '989, '017, and '831 Patents;

C.    To enter judgment that Ravin's acts of infringement have been willful and deliberate;

D.    To award MCP its damages in an amount adequate to compensate MCP for Ravin's infringement of the '989, '017, and '831 Patents consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs, and prejudgment and post-judgment interest;

E.    To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award MCP its attorneys' fees, expenses, and costs incurred in this action; and

F.    To award MCP such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MCP respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:  March 1, 2023                    Respectfully submitted,

**HANSEN REYNOLDS LLC**

s/Timothy M. Hansen<br>
Timothy M. Hansen<br>
thansen@hansenreynolds.com<br>
301 North Broadway<br>
Suite 400<br>
Milwaukee, WI 53202<br>
(414) 455-7676

Alan W. Nicgorski (to be admitted *pro hac vice*)<br>
anicgorski@hansenreynolds.com<br>
Joseph J. Jacobi<br>
jjacobi@hansenreynolds.com<br>
150 South Wacker Drive<br>
24th Floor<br>
Chicago, IL 60606<br>
(312) 265-2252

*Attorneys for Plaintiff MCP IP, LLC*