IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MCP IP, LLC,

                                                          Plaintiff,

    v.                                                                                                    **OPINION and ORDER**

RAVIN CROSSBOWS, LLC,                                                      23-cv-142-jdp

                                                          Defendant.

---

Plaintiff MCP IP, LLC is suing defendant Ravin Crossbows, LLC for infringement of three patents related to crossbows. Ravin moves to stay the proceedings pending resolution of *inter partes* review of all three of the patents-in-suit. MCP moves for leave to file a sur-reply brief in opposition to the motion, and the court will grant that motion.

This court's general practice is to grant a stay when the Patent Trial and Appeal Board has initiated an *inter partes* review. *See, e.g., Signify North America Corporation v. Menard, Inc.*, No. 22-cv-706-jdp, 2024 WL 4367542, at *1 (W.D. Wis. Oct. 1, 2024); *Johnson Health Tech. Co., Ltd. v. Peloton Interactive, Inc.*, No. 22-cv-606-jdp, Dkt. 49 (W.D. Wis. Nov. 28, 2023); *Douglas Dynamics, LLC v. Meyer Products LLC*, No. 14-cv-886-jdp, 2017 WL 1382556, at *1 (W.D. Wis. Apr. 18, 2017). In this case, the board initiated a review of all three patents on September 12, 2024. The court will grant the motion to stay because the board's decision is likely to significantly streamline the issues in this case.

MCP opposes a stay on two grounds, but neither is persuasive. First, MCP says that it is likely to prevail in front of the board. This court generally does not consider the merits when deciding whether to stay a case pending *inter partes* review. In any event, the board's decision will narrow the issues regardless of which party the board sides with. This is because estoppel

under 35 U.S.C. § 315(e) will apply to any ground asserted in the petition and instituted for consideration by the board, and also to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition. *California Institute of Technology v. Broadcom Limited*, 25 F.4th 976, 991 (Fed. Cir. 2022); *Douglas Dynamics*, 2017 WL 1382556, at *6. So even if MCP is correct that it will persuade the board that the patents-in-suit are valid, that will simplify the issues before this court.

Second, MCP says that Ravin was untimely in seeking review from the board. That argument was better directed at the board, not this court. Now that the board has initiated a review, it makes little difference to the proceedings in this court whether Ravin could have or should have sought review sooner. Either way, it would be a waste of judicial resources to proceed with a case that could be resolved or narrowed by the board.

ORDER

IT IS ORDERED that:

1. Plaintiff MCP IP, LLC's motion for leave to file a sur-reply brief, Dkt. 50, is GRANTED.

2. Defendant Ravin Crossbows, LLC's motion to stay the case pending the result of the *inter partes* review for the patents-in-suit, Dkt. 40, is GRANTED.

3. The schedule is STRUCK. The parties are directed to promptly inform this court once the board issues its decision. The court will reset the schedule then, if necessary.

Entered October 22, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge